UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ERNEST COLLINS,

       Plaintiff,

v.                                  No. 1:80-cv-426-JPE-WES

WESTERN ELECTRIC CO., INC.,

       Defendant.

**Entry Discussing Plaintiff's Filing of December 28, 2010**

**I.**

This employment discrimination action was resolved through the Entry of January 21, 1983. This disposition was issued by Magistrate Judge Endsley after an order of reference had been issued authorizing him to exercise full jurisdiction over the case, including the entry of final judgment. This disposition was entered following a trial to the court and the court's findings that the plaintiff's claims were barred by the applicable statute of limitations. This disposition was followed with the assessment of attorney fees against the plaintiff on July 12, 1983. The award of attorney fees to the defendant was based on the court's finding that "[t]he plaintiff's claims were frivolous, unreasonable and without foundation and the plaintiff continued to litigate after it clearly became so." There was no appeal taken from either the dismissal of the action or the award of attorney fees some six months later.

A series of post-judgment motions have been filed by the plaintiff. Such motions were filed on December 27, 2007, on August 6, 2009, on October 14, 2010, and on December 28, 2010. These motions represent the plaintiff's effort to obtain relief from the final judgment entered on January 21, 1983. The first three of these motions were examined and relief was denied. The most exhaustive treatment of the matter is found in Judge Barker's ruling of January 8, 2008. The fourth of these motions, filed on December 28, 2010, is considered in this Entry.

The action has been transferred to the clerk's electronic docket. As has previously been the case, the matter is presented to the motions judge serving at the time of the filing of the motion. One additional matter is noted: In the motion filed on December 28, 2010,

the plaintiff has altered the caption by suggesting that there are defendants other than Western Electric. This alternation is of no effect, and specifically is not effective to add defendants to the case because a "party" is "[o]ne by or against whom a lawsuit is brought." *See U.S. ex rel Eisenstein v. City of New York*, 129 S. Ct. 2230, 2234 (2009)) (citing Black's Law Dictionary 1154 (8th ed. 2004)). To make someone a party the plaintiff must specify him in the caption and arrange for service of process; the court cannot add litigants on its own motion. *See Myles v. United States*, 416 F.3d 551 (7th Cir. 2005). Western Electric is the sole defendant.

**II.**

The plaintiff's motion filed on December 28, 2010, has been considered. That filing renews the plaintiff's dissatisfied with the manner in which the action was resolved and contains two fairly specific requests for relief: The first of these is that Judge Pratt investigate the plaintiff's claims of irregularities in the disposition of the action. The second such request is that various individuals and a law firm be prosecuted for criminal misconduct based on the plaintiff's allegations of irregularities in the disposition of the action. There is a third theme throughout the filing of December 28, 2010, which is that some relief is warranted from the disposition of the action.

Procedurally, of course, the motion filed on December 28, 2010, is brought pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure. Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006)( "Rule 60 of the FED. R. CIV. P. regulates the procedure for obtaining relief from final judgments.")(citing *Wesco Prods. Co. v. Alloy Auto. Co.,* 880 F.2d 981, 983 (7th Cir. 1989)).

**III.**

The following points are pertinent in resolving the concerns and requests presented in the plaintiff's filing of December 28, 2010.

M    Judge Barker explained in Part III.B. of the Entry issued on January 8, 2008, that the motion for relief filed on December 27, 2007, was untimely because it was not filed within a reasonable time following the entry of final judgment on January 21, 1983. The motion filed on December 28, 2010, is likewise untimely and more so by three years.

M    "Authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey,* 646 F.Supp. 1502, 1506 (W.D. Wis.1986). Thus, insofar as the plaintiff's most recent filing includes his request that criminal charges be filed by or at the direction of the court, the plaintiff mistakenly seeks to invoke judicial authority which does not exist. "[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *United States v. Nixon,* 418 U.S. 683, 693 (1974). Additionally, the plaintiff cannot compel the Executive Branch to commence or pursue the prosecution he seeks. *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Collins v. Palczewski,* 841 F.Supp. 333, 340 (D.Nev.1993) ("Long ago the courts of these

United States established that 'criminal statutes cannot be enforced by civil actions.'"). Further, since the plaintiff does not have a judicially cognizable interest in the criminal prosecution of another person, the plaintiff lacks standing to even raise such a claim. *Linda R.S. v. Richard D., supra,* 410 U.S. at 619. Accordingly, no legal basis exists for the court to take further action based on the plaintiff's request for the filing of criminal charges as set forth in his filing of December 28, 2010.

M    Judge Pratt was the motions judge for the Indianapolis Division at the time of the plaintiff's filing of October 14, 2010. Apparently taking notice of this fact, the plaintiff's filing of December 28, 2010, contains the plaintiff's request that Judge Pratt conduct certain investigations into his concerns. "District judges have no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford,* 542 U.S. 225, 231 (2004). The plaintiff's request that Judge Pratt undertake an investigation is improper and is therefore **denied.**

As to the general theme throughout the motion filed on December 28, 2010, the plaintiff contends that there were irregularities in the resolution of the case. A careful inquiry of the resolution has been made. The court has found the plaintiff's concerns to be factually baseless and without merit legally for both procedural and substantive reasons. Those aspects of the action, as well as the passage of time–which necessarily limit the ability of a court to review the disposition of an action–have been previously reviewed and recounted in great detail.

### IV.

Nothing in the motion filed on December 28, 2010, draws into question any of the observations or rulings in the Entry of January 8, 2008. Accordingly, the plaintiff's motion filed on December 28, 2010, is **denied.**

**IT IS SO ORDERED.**

Date: 01/14/2011

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Ernest Collins
3841 N. Capital Ave.
Indianapolis, IN 46208